IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GWG Holdings, Inc. *et al.*,[1] | ) | Case No. 22-90032 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

| | | |
|---|---|---|
| GWG Holdings, Inc., and GWG Life, LLC, | ) | Adversary No. 23-03088 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Fifth Season Investments, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**EMERGENCY MOTION FOR AN ORDER
EXPEDITING ADVERSARY PROCEEDING**

> **Emergency relief has been requested. Relief is requested not later than May 24, 2023 at 3:00 p.m. Central.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Plaintiffs GWG Holdings, Inc. and GWG Life, LLC (together the "<u>Debtors</u>"), respectfully request the Court to enter an order expediting their adversary proceeding against Fifth Season

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538); GWG DLP Funding IV, LLC (2589); GWG DLP Funding VI, LLC (none); and GWG DLP Funding Holdings VI, LLC (none). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these Chapter 11 Cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

753857482

Investments, LLC ("Fifth Season," or "Defendant") that seeks a declaration that Fifth Season is not entitled to a stalking horse fee under the July 17, 2022 Amended and Restated Fee Letter (the "Fee Letter") (hereinafter, the "Adversary Proceeding").

Good cause exists to expedite the adjudication of this Adversary Proceeding because (i) Fifth Season has not taken any action to advance to resolution its alleged $18.3 million stalking horse fee (the "Alternate Stalking Horse Fee") claim asserted more than six months ago, and resolution of this Adversary Proceeding depends solely upon the interpretation and application of three straightforward clauses in the Fee Letter.[2]  Protracted litigation is simply not necessary and would only waste the Debtors' limited resources.  Moreover, all interested parties, including creditors, would benefit from resolution of this dispute before or in connection with the confirmation hearing currently scheduled for June 15 (the "Confirmation Hearing"). On the effective date of the Plan, the Debtors do not anticipate having cash on hand in excess of the Wind Down Amount.  The Debtors (and the other key constituents and Creditors as a whole) need to obtain resolution of this matter in conjunction with the Plan so that, if the $18.3 million Alternate Stalking Horse Fee is allowed, they have the time to evaluate alternatives to address that administrative claim. This litigation involves clear-cut issues that can be resolved expeditiously and, as such, the Debtors should not be forced to expend significant resources in protracted litigation where the issues are clear cut and can be resolved expeditiously.

---

[2] Even if some discovery was needed, Fifth Seasons will have completed it shortly.  As described in Section C below, the parties have already exchanged thousands of documents and the Debtors will be making three witnesses available for deposition in response to Fifth Seasons' request.

Accordingly, the Debtors request the Court to set a dispositive motion briefing schedule and an evidentiary hearing so that final determination of this Adversary Proceeding can occur together with the Confirmation Hearing.[3]

## BACKGROUND

1.  The background for the Debtors' request for declaratory judgment is set forth in greater detail in the Debtors' concurrently filed Complaint.

### A. Fifth Season's Claim

2.  On October 26, 2022, Fifth Season filed its *Statement of Fifth Season Investment LLC in Response to Debtors' Statement of Intent to Elect the Vida Option* [Dkt. No. 937], claiming that if the Debtors exercised the option of refinancing with Vida over the Chapford Sale Option, Fifth Season would be entitled to the Alternate Stalking Horse Fee because the transactions contemplated by the refinancing option were not "*bona fide financing transaction[s],*" but rather constituted a "*disguised sale*." [Dkt. No. 937, at p. 4 (emphasis added)].

3.  On October 27, 2022, the Court approved the Debtors' exercise of business judgment in electing to exercise the Vida refinancing option and allow the Chapford sale option to lapse. [Dkt. No. 1031].

4.  Subsequently, on December 1, 2022, the Debtors filed their original proposed Joint Chapter 11 Plan [Dkt. No. 1134] (the "Original Plan"). The Original Plan contemplated that the Debtors would enter into the replacement debtor-in-possession financing with Vida as the lender (as approved by the Court), and that the reorganized Debtors would enter into an exit financing facility with Vida as the lender. The Original Plan never contemplated, proposed, nor sought a

---

[3] Promptly upon filing the foregoing and the accompanying Adversary Proceeding, counsel for Debtors contacted counsel for Fifth Season to discuss possible scheduling and briefing and a timeline for adjudication of the claim on the merits. Any agreement reached will be provided to the Court as soon as possible.

3

sale (under Section 363 of the Bankruptcy Code or otherwise) of any portion, let alone more than 20% (in value or face amount), of the life settlement portfolio (the "Policy Portfolio").

**B.     Fifth Season Issues Its Demand**

5.     On December 14, 2022, Fifth Season demanded payment of the Alternate Stalking Horse Fee. Fifth Season claimed that the Vida DIP and Exit Credit Facilities contemplated and described in the Original Plan were not true financings, but rather post-petition "disguised sales" and outright transfers of ownership in the Policy Portfolio.

6.     The Debtors rejected Fifth Seasons' demand in its entirety on December 22, 2022. As described in the Debtors' Complaint, Fifth Season is entitled to the Alternate Stalking Horse Fee *only* if one of the Fee Letter's three specified events (the "Fee Triggers") occurs: (a) the Debtors file bid procedures under Section 363, (b) the Debtors execute definitive documents for a sale under Section 363 or file a plan proposing a sale of more than 20% (by value or face amount) of the Policy Portfolio, or (c) the Debtors *sell* at least 20% (by value or face amount) of the Policy Portfolio to a third party outside of the bankruptcy process (any possibility of this event occurring was eliminated when the two DLP entities filed for Chapter 11 relief subsequent to the Fee Letter's execution). Unquestionably, no such event has occurred.

7.     The Debtors exercised the refinancing option on December 15, 2022. The Chapford DIP Facility was ultimately paid off through the Vida DIP Facility on or around December 15, 2022.

**C.     Fifth Season Pursues Discovery**

8.     On November 23, 2022, Fifth Season sent the Debtors initial informal discovery requests related to this dispute. To date, Fifth Season has served at least 19 separate document

4

requests in response to which Debtors have produced 3,166 documents. Also, Fifth Season has sought further discovery from the Debtors' current DIP Lender.

9. On May 12, 2023, Fifth Season issued three notices of deposition on the Debtors, the scheduling of which is under discussion.

10. The Debtors do not believe additional discovery of the Debtors beyond what is already completed or underway is necessary, and their own discovery needs, if any, will be limited.

## ARGUMENT

### I. The Court Should Expedite These Proceedings

11. This Court has discretion to expedite these proceedings. Rule 9006 authorizes the court to shorten notice in a variety of circumstances "for cause shown." FED. R. BANKR. P. 9006(c)(1). It is within the court's discretion to expedite consideration unless Federal Rule of Bankruptcy Procedure 9006 prohibits it. *In re Finley*, 2012 WL 4464555, at *1 (Bankr. N.D. Tex. Sept. 25, 2012).[4] This matter should be resolved before or contemporaneous with the Confirmation Hearing on Debtors' Plan. The dispute turns entirely on interpretation and application of the Fee Letter's Stalking Horse fee requirements, which provide that the fee is payable only if one of the Fee Triggers has occurred. Fifth Seasons argues only that the Vida facilities, which were expressly based on the predecessor DIP financing (in the case of the Vida DIP Facility) and on the prepetition DLP VI financing (in the case of the Vida Exit Facility), really constitute a disguised sale. If they are not a disguised sale, Fifth Season is not entitled to the Alternate Stalking Horse Fee.

---

[4] Rule 9006(c) only prohibits reductions of "time for taking action under Rules 2002(a)(7), 2003(a), 3002(a), 3014, 3015, 4001(b)(2), c(2), 4003(a), 4004(a), 4007(c), 4008(a), 8002, and 9033(b). In addition, the court may not reduce the time under Rule 1007(c) to file the statement required by Rule 1007(b)(7)." FED. R. BANKR. P. 9006(c)(2). None of these rules are at issue here.

12. This is a straightforward matter of contract interpretation and all of the key facts are undisputed or cannot be subject to any material dispute. There is nothing in this case that requires protracted litigation or extensive discovery.

13. Moreover, good cause exists to decide this matter before or contemporaneous with the Confirmation Hearing because a decision in Fifth Season's favor would jeopardize the Plan's confirmability. The Debtors will not have significant cash on the Effective Date in excess of the Wind Down Amount, and the Debtors will need to evaluate and possibly implement alternatives to address such administrative claim should the $18.3 million Alternate Stalking Horse Fee demanded by Fifth Season be allowed.

14. Fifth Season has had ample time to advance its Claim, and shortening the period to resolve it at this juncture does not prejudice any party. Fifth Season has been aware of its alleged claim since no later than October, when it asserted its entitlement to the Alternate Stalking Horse Fee in open court. It has been pursuing informal discovery since November. And it will have taken at least three depositions (and will have had ample time to have responded to any further discovery served or depositions noticed by the Debtors) by the time of the Confirmation Hearing. Accordingly, expedited consideration will not prejudice or unfairly impact Fifth Season.

15. In short, all parties benefit from an expedited resolution of this Adversary Proceeding, and any additional discovery needed by any party, if any, can be completed in this expedited time frame, particularly in light of the ample discovery undertaken to date. Accordingly, all parties should be ready to proceed with this matter, and the Debtors accordingly ask the Court to enter a briefing schedule on dispositive motions, and set the evidentiary hearing, if one is necessary, on the Confirmation Hearing Date.

* * * * *

## **PROPOSED EXPEDITED SCHEDULE**

To ensure an efficient process, the Debtors propose that the Court enter a Scheduling Order including the following deadlines and conditions:

- Written discovery, if any, to be served by email by 5:00 p.m. (CDT) on May 25, 2023.

- Responses to written discovery due no later than June 2, 2023.

- Depositions, if any, to be completed by June 9, 2023.

- The parties' simultaneous motions for summary judgment to be filed by 5:00 p.m. (CDT) on June 4, 2023. Briefing will be limited to twenty pages per side.

- The parties' simultaneous responses to the motions for summary judgment to be filed by 5:00 p.m. (CDT) on June 11, 2023. Briefing will be limited to fifteen pages per side.

- Trial and hearing of summary judgment motions to be held on June 15, 2023.

## **PRAYER FOR RELIEF**

**WHEREFORE,** given the impact of this dispute on the feasibility of the Plan, the Debtors respectfully request that the Court expedite this matter, enter a dispositive motion briefing schedule, and set the Complaint for an evidentiary hearing on the Confirmation Hearing Date.

Houston, Texas
May 18, 2023

| | |
|---|---|
| */s/ Kristhy M. Peguero* <br> **JACKSON WALKER LLP** <br> Matthew D. Cavenaugh (TX Bar No. 24062656) <br> Kristhy M. Peguero (TX Bar No. 24102776) <br> 1401 McKinney Street, Suite 1900 <br> Houston, Texas 77010 <br> Telephone:   (713) 752-4200 <br> Email: kpeguero@jw.com <br> Email: mcavenaugh@jw.com <br><br> *Co-Counsel to the Debtors and* <br> *Debtors in Possession* | **MAYER BROWN** <br> Charles S. Kelley (TX Bar No. 11199580) <br> 700 Louisiana Street, Suite 2400 <br> Houston, TX 77002-2730 <br> Telephone: (713) 238-3000 <br> Email: ckelley@mayerbrown.com <br><br> -and- <br><br> Thomas S. Kiriakos (admitted *pro hac vice*) <br> Louis S. Chiappetta (admitted *pro hac vice*) <br> 71 S. Wacker Drive <br> Chicago, IL 60606 <br> Telephone: (312) 701-0600 <br> Email: tkiriakos@mayerbrown.com <br> Email: lchiappetta@mayerbrown.com <br><br> -and- <br><br> Adam C. Paul (admitted *pro hac vice*) <br> Lucy F. Kweskin (admitted *pro hac vice*) <br> 1221 Avenue of the Americas <br> New York, NY 10020-1001 <br> Telephone:    (212) 506-2500 <br> Email: apaul@mayerbrown.com <br> Email: lkweskin@mayerbrown.com <br><br> *Counsel for the Debtors and* <br> *Debtors in Possession* |

**CERTIFICATE OF CONFERENCE**

I certify that on May 18, 2023, I contacted counsel for Fifth Season, Michael Zaken of Cravath, Swaine & Moore, to discuss scheduling and the relief requested herein. He indicated that upon reviewing the proposed deadlines and pleadings, he would confer internally with his team regarding scheduling and provide a response soon.

/s/*Charles S. Kelley*
Charles S. Kelley

**CERTIFICATE OF ACCURACY**

I certify that the foregoing statements are true and accurate to the best of knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

/s/*Kristhy M. Peguero*
Kristhy M. Peguero

**CERTIFICATE OF SERVICE**

I certify that on May 18, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/*Kristhy M. Peguero*
Kristhy M. Peguero